Per Curiam.

The defendant in this case admitted that he had the goods in question, and that he' had lost them. This is sufficient evidence of a conversion; it would have •been idle to make a formal demand of goods, after the defendant had declared that they were lost. Besides, the plaintiff •demanded payment and satisfaction generally, and that was sufficient. [Thompson v. Shirley & Body. 1 Esp. Cases, 31. 4 Term Rep. 260. 1 Burr. 393.](a)
Rule refused.

 Accidental loss of goods by a carrier, is not a conversion. 4 Phil. Ev. Cow. & Hill’s ed. 925, Ross v. Johnson, 5 Burr. 2825. Kirkman v. Hargreaves, 1 Selw. N. P. 425. Dwight v. Brewster, 1 Pick. 50, 53. Owen v. Lewyn, 1 Ventr. 223. Anon. 2 Salk. 655. " There are two cases seeming •to the contrary of this rule; but in one of them, (Greenfield Bank v. Leavitt, 17 Pick. 1,) this point was not raised, but the defendant’s liability for a loss was assumed, the case turning wholly on the question of damages ; and in ihe other, (La Place v. Aupoix, principal case,) the case sufficiently shows that there was an actual conversion.” 2 Greenleaf’s Evid. 531, n. (7.) Generally as to demand, see 4 Phillips’ Evid. Cowen & Hill’s ed. 225, 226, 227. S Greenleaf’s Evid. 533, 534. Starkie’s Evid. 3d Am. ed. 1496, et seq. “ The demand in trover being only for tfye purpose of giving the defendant an opportunity, of either restoring the goods in specie, or of making satisfaction to the grarty to whom they belong, (per Lord Kenyon, in Thompson v. Shirley, 1 Esp. N. P. C. 33,) no particular form or manner of making the demand is es- , sentially requisite, provided it be distinctly notified to the defendant who is the Claimant, and what goods are demanded. Where the plaintiff, the vendor of *486 a house, brought trover for various articles, some of them being goods, and the remainder fixtures, which he had left in the house on delivering it up to the defendant, the vendee, and demanded them all as fixtures, and the refusal was ‘ of the fixtures demanded,’ this demand was held to be insufficient to enable the plaintiff to recover the articles which were not fixtures, it having been decided upon other grounds that the fixtures were not recoverable. (Colegrave v. Dias Santos, 2 B. & C. 76. 3 D. & R. 255.) A demand in writing of ‘ the amount of the goods you have disposed of,’ (Thompson v. Shirley, 1 Esp. N. P. C. 31,) or a demand of ‘ satisfaction,’ have been adjudged to be sufficient for this purpose. (Rookeby’s case, Clayton, 122. cit. 1 Esp. N. P. C. 31.) If two distinct demands be made at the same time, one verbally and the other in writing, proof of the verbal demand alone will be sufficient, and no evidence of the written request need be given. (Smith v. Young, 1 Camp. 439.) A demand in writing, left at the defendant’s house, may be sufficient. (Logan v. Houlditch, 1 Esp. N. P. C. 22. 1 Chitt. 159.) If the demand be in writing, notice should be given to produce it in the usual way. (Thompson v. Shirley, 1 Esp. N. P. C. 31. Logan v. Houlditch, ibid.) If an oral as well as a written demand have been made, it is sufficient to prove the former, (Smith v. Young, 1 Camp. 440,) although both were made at the same time. (Ibid.) A letter demanding the deed sought to be recovered in trover, may be read by the plaintiff as notice to the defendant, although it will not be evidence of any statement therein. (Whitehead v. Scott, 2 M. & Rob. 2.)” Steph. N. P. 2687.