## JAMISON v. HENDRICKS.

A horse which was the property of *A.* was purchased by *B.* at a sheriff's sale on an execution against *C.* After *B.* had sufficient reason for believing the horse to be *A.'s* property, he exercised acts of ownership over him, and made use of evasive measures to prevent *A.* from obtaining him. *Held*, that *A.* might recover in trover for the horse against *B.*, without proving a demand and refusal.

If a sheriff take and sell the property of *A.* on an execution against *B.* he is liable to the owner, in trespass or trover, without demand.

The plaintiff may recover, in trover, for the injury done to his goods, as well as for their value.

APPEAL from the *Marion* Circuit Court.—*Hendricks* brought an action of trover against *Jamison* for a horse. Plea, not guilty. Verdict and judgment for the plaintiff below.

HOLMAN, J.—Trover for a horse. The substance of the evidence, as set forth in a bill of exceptions, was, that *Hendricks* lent the horse to *Davis*, in *Marion* county, to ride to *Corydon*. The horse was taken in execution, at *Corydon*, as the property of *Davis*, and sold, and *Jamison* became the purchaser. At the time of the levy, *Davis* proclaimed that the horse was not his, but belonged to *Hendricks*. Before the commencement of this suit, *Jamison* told one of the witnesses, that, when *Hendricks* came in search of his horse, he was out at grass. After the commencement of the suit, *Davis* observed to *Jamison*, that he did not pity him, for he had told him before, that the horse was the property of *Hendricks*. One of the witnesses stated that the horse was worth 30 dollars. The horse was purchased by

*Jamison* in 1822; this action was commenced in 1825; and the trial was had in *October,* 1826.

The defendant moved the Court to instruct the jury, that it was necessary for the plaintiff to prove a tortious conversion, or a demand and refusal of the horse. The Court gave that instruction. The defendant further requested the Court to instruct the jury, that to prove a conversion in this case, it was necessary to prove a demand of the horse and a refusal to deliver him up: but the Court instructed the jury that the using the horse as his own by the defendant, or exercising acts of ownership over him, was a conversion of the property. The jury found a verdict for the plaintiff for 61 dollars. The defendant moved for a new trial, which was refused by the Court.

The point most relied on in this case, arises out of the instruction of the Court, that proof of a demand and refusal was unnecessary. This instruction of the Court is to be taken in connection with the whole case, as it stood before the jury. The officer, on an execution against *Davis,* had taken the property of *Hendricks,* notwithstanding the proclamation of *Davis* that the property was not his, and was liable to the action of *Hendricks,* either of trespass or trover, without a demand. *Jamison* before he purchased the horse was notified by *Davis,* that the horse belonged to *Hendricks.* This notice, it is true, did not come from a source in which *Jamison* was bound to place full confidence; yet it was sufficient to put him upon his guard; and to induce him to take care what he was purchasing. This, taken in connection with the statement of *Jamison,* when *Hendricks* came for his horse, and was prevented, by some evasion, from seeing or getting possession of him, he being kept out of the way, that the horse was "out at grass,"—presents a chain of circumstances, sufficient to warrant this action without a regular demand and refusal; inasmuch as they show that *Jamison* must have been exercising acts of ownership over the horse, after he had sufficient reason to believe that he was the property of *Hendricks;* and made use of evasive measures to prevent *Hendricks* from obtaining him. In the case of *Baldwin* v. *Cole,* 6 Mod. 212, it is said that the denial of goods to him who has a right to demand them is an actual conversion. And in the case of *La Place* v. *Aupoix,* 1 Johns. Cas. 406, the defendant's admission, that he had the plaintiff's goods, and that they were

lost, was held to be evidence of a conversion without proof of a demand and refusal. See also 3 Stark. Ev. 1496, and various other authorities there cited; which lead to the conclusion that the jury in this case, were authorised to find that the defendant had converted the horse to his own use.

The damages given by the jury are perhaps more than in strict justice ought to have been given; but as the defendant had been about four years in possession of the horse, and as the plaintiff is entitled to recover for the injury done to his goods, as well as for their value, (1 Stark. Ev. 199, in note, and the case there cited,)—we are not prepared to say, that the damages are so conclusively excessive, that the Circuit Court, in the exercise of a sound legal discretion, was bound to grant a new trial on that account.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Nelson,* for the appellant.
*Fletcher,* for the appellee.