Colcock, J.
delivered the opinion of the Court.
In this case we cannot concur with the presiding Judge in the view which he lias taken, either of the law, or the *360 facts. As a general position it is clear that trover will lie in cases of bailment, on a demand and refusal to deliver the goods, after the time expires for which they are bailed. Com. Dig. Actiou upon the Case upon Trover. And in some kinds of bailment trover will lie, even without a demand. Thus, in Durell v. Mosher, 8 Johns. 347, it was decided, that proof of a promise by defendant to return the goods to the plaintiff, and that he had not returned them, is sufficient evidence of a conversion, and a previous demand and refusal, need not be proved. And in the case of Laplace v. Aupoix, 1 Johns. Cas. 406, it was held, that if the defendant in trover admits that he had the goods of the plaintiff, and that they are lost, this is sufficient evidence of a conversion.
Now in every hiring-, the person taking the property, is bound to return it to the owner after the time has elapsed for which it was hired, unless otherwise stipulated. And if this were not the case, yet here there was a demand and refusal. The plaintiff’s witness did testify, that the defendant said, on the demand being made, that he had given the wench a pass and sent her home; and the presiding Judge says he was bound to believe this, by which I understand that he considered it as evidence of a return : but if this were true, it was offered by way of de-fence, and should have gone to the jury. He is mistaken, however in saying, that he was bound to believe it, for the witness was not called to state what the defendant said. He was called to ¡/rove the demand and refusal. The reason why he did not return the negro was matter of defence, as I have before said; and the defendant’s declarations, therefore, were not relied on by plaintiff.
The Judge relies also on the fact that it appeared that the defendant said that he had not the girl in his possession ; and, therefore, that a demand and refusal could not be evidence of a conversion. But I take it that the case of a bail merit differs, in this respect, from the case of an accidental possession by finding or otherwise. There, the demand must be made, whilst the article is in the possession of the person ; but in the case of a bailment, the party is put into possession, and by law, should so remain, until he return the property. If it were not so, where a demand is necessary, the bailee would only have to put the property out of his possession, to avoid an action of trover.
*361 Now as to the, fact. If the evidence had been intentionally brought out by the plaintiff, and were intitled to belief, can the course, which , the defendant alleges that he pursued, be considered as a return of the property 1 This can hardly be admitted, as a general rule : for although the slave may be sent home, ye,i measures may be taken at the same time to prevent his getting there. I do not mean to say, that a case may not occur, in which sucha mode of returning a negro, adopted bona fide, might not excuse a hirer. But it must always be a subject of inquiry for the jury to determine upon. So far as I have any knowledge of the custom on such occasions, the property is always returned by the hirer, or an agent, at the time appointed, and I think this must be the rule in relation to slaves, as it is in relation to other goods. If the power of volition be relied on as a reason why they may be returned in this way, I think it is obviously a two-edged sword, for if they may go home, so they may go elsewhere. When we consider the nature, and value of this species of property, I think that, at least, that care which is exercised by a prudent man in the management of his own affairs ought, in all cases, to be required ; and whether this has been done, must depend on a variety of circumstances. The nonsuit was improperly ordered, and , the motion to set it aside is, therefore, granted.
We do not, of course, mean to determine any thing as to the defence.
Johnson, J. concurred.
Nott, J. absent, from indisposition.
Motion granted.